UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
INDUSTRIAL ENTERPRISES OF AMERICA,
INC.,

                Plaintiff,

      - against -

TRINITY BUI and TRINITY FINANCING
INVESTMENTS CORPORATION,

                Defendants.
------------------------------------------------------------x

**JUDGE KARAS**

**07 CIV 3734**

Civil Action No.

**COMPLAINT**

[RECEIVED stamp: MAY 11 2007 U.S.D.C. S.D. N.Y. CASHIERS]

      Plaintiff Industrial Enterprises of America, Inc. ("IEAM"), by its attorneys, Holland & Knight LLP, as and for its complaint against defendants, Trinity Bui ("Bui") and Trinity Financing Investments Corporation ("Trinity Financing"), alleges as follows:

      1.     This is an action under the Securities Exchange Act of 1934 (the "Exchange Act") for equitable relief, resulting from the Defendants' filing of false and misleading public statements with the Securities and Exchange Commission (the "SEC") in violation of Section 13(d) of the Exchange Act and Rule 13d-1 thereunder.

## PARTIES

      2.     Plaintiff IEAM is a public corporation organized and existing under the laws of the State of Nevada, with its principal place of business at 711 Third Avenue, New York, New York.

      3.     Shares of IEAM are publicly traded on the Over-the-Counter Bulletin Board.

      4.     On information and belief, Defendant Bui is a natural person residing at 300 East 55th Street, Apartment 14D, New York, New York.

5. On information and belief, Defendant Trinity Financing is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 300 East 55th Street, Apartment 14D, New York, New York.

6. On information and belief, Defendant Bui is the president, sole director, and a shareholder of Defendant Trinity Financing.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 78m(d) and 78aa, and 28 U.S.C. § 1331.

8. Venue is proper in this judicial district pursuant to 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

### The Promissory Notes

9. Bui, as lender, was or is the holder of certain promissory notes made by IEAM.

10. Certain of these promissory notes provide that they are convertible into IEAM shares on certain terms and conditions. These notes are: a $25,000 note dated May 21, 2004; a $25,000 note dated July 9, 2004; a $25,000 note dated July 15, 2004; a $100,000 note dated October 29, 2004; a $50,000 note dated November 15, 2004; and a $300,000 note dated August 1, 2005.

11. Trinity Financing, as lender, was or is the holder of certain promissory notes made by IEAM.

12. Certain of these notes provide that they may be convertible into IEAM shares on certain terms and conditions. These notes are: a $25,000 note dated April 26, 2004; and a $50,000 note dated November 23, 2004.

2

13. All of the foregoing notes referenced in paragraphs 10 and 12 are subject to defenses. Such defenses have been asserted in an action pending in the New York State Supreme Court, New York County, captioned <u>Trinity Bui and Trinity Financing Investments Corp. v. Industrial Enterprises of America, Inc. and John Mazzuto</u>, Index No. 117290/05 (the "State Court Action").

14. The four $25,000 notes are subject, <u>inter alia</u>, to the defense of release.

15. The remaining notes, totaling $500,000, are subject, <u>inter alia</u>, to the defense that Bui and Trinity Financing accelerated such notes, that IEAM tendered payment in full of such notes on March 9, 2006, that Defendants rejected such tender, and that such tender extinguished Defendants' conversion rights.

16. IEAM has asserted a counterclaim in the State Court Action seeking a declaratory judgment that the rights of Bui and Trinity Financing to convert such notes into shares have been extinguished.

17. On August 11, 2006, IEAM moved for summary judgment on that counterclaim. By a Decision and Order dated April 18, 2007, the Supreme Court in the State Court Action denied the motion for summary judgment based on a finding that there is a triable issue of fact as to whether Bui [individually, and on behalf of Trinity Financing] orally waived her acceleration of payment on certain notes.

### Defendants' Schedule 13G Filing With The SEC

18. Section 13(d) of the Exchange Act, and SEC Rule 13d-1, require any person who, after directly or indirectly acquiring a beneficial ownership interest in a given class of a corporation's equity securities, is directly or indirectly the beneficial owner of at least five (5)

percent of such class, to file with the SEC a statement in the form provided in SEC Schedule 13D or 13G.

19. The disclosures under Schedule 13(d) and SEC Rule 13d-1 are to be filed with the SEC within ten (10) days after the acquisition of the beneficial ownership interest in question.

20. As detailed above, on October 29, 2004, Defendant Bui was issued a $100,000 note which, upon proper conversion, was convertible into 1,000,000 shares of IEAM's common stock.

21. On November 15, 2004, Defendant Bui was issued a $50,000 note which, upon proper conversion, was convertible into an additional 500,000 shares of IEAM's common stock.

22. As early as the issuance of the $100,000 convertible note on October 29, 2004, and no later than the issuance of the $50,000 convertible note on November 15, 2004, Defendant Bui acquired a beneficial ownership interest, issuable upon proper conversion of the notes, in more than five (5) percent of IEAM's common stock. The acquisition of these convertible notes made Bui a "beneficial owner" pursuant to SEC Rule 13d-3.

23. Accordingly, Defendants' duty to report under Section 13(d) of the Exchange Act and SEC Rule 13d-1 arose as early as October 29, 2004, and no later than November 15, 2004, obligating Defendants to report each of the subsequent acquisitions of convertible notes in October 2004 and August 2005.

24. Neither Bui nor Trinity Financing filed with the SEC any statement, whether pursuant to Section 13(d) of the Exchange Act, SEC Rule 13d-1, or otherwise, disclosing the issuance of these convertible notes at any time prior to August 30, 2006.

25. Specifically, Bui and Trinity Financing failed to report, as required by SEC Rule 13d-1, each of the following reportable transactions: the November 15, 2004 issuance of a

$50,000 convertible note to Bui, the November 23, 2004 issuance of a $50,000 convertible note to Trinity Financing, and the August 1, 2005 issuance of a $300,000 convertible note to Bui.

26.     On or about August 30, 2006, Defendant Bui filed her first and only Schedule 13G with the SEC. The Schedule 13G filed by Defendant Bui is annexed hereto as Exhibit A, and will be referred to hereafter as the "Schedule 13G."

27.     The Schedule 13G was filed and signed by Bui "on behalf of (1) Trinity Bui, personally, and (2) Trinity Financing Investments Corp., of which Ms. Bui is president, sole director and sole stockholder." See Exh. A, ¶ 1, Item 2(A).

28.     In the Schedule 13G, Defendants Bui and/or Trinity Financing made the following statements of fact:

    a.     Defendant Bui stated that she was the beneficial owner of "500,000 shares of common stock [of plaintiff IEAM] issuable upon conversion of convertible promissory notes and 55,000 shares [of plaintiff IEAM] issuable upon exercise of warrants." Exh. A, Item 4(A). Bui stated that this interest constituted 7.6% of IEAM's common stock. Exh. A, Item 4(B).

    b.     Defendant Trinity Financing stated that it was the beneficial owner of "150,000 shares of common stock [of plaintiff IEAM] issuable upon conversion of convertible promissory notes and 20,000 shares [of plaintiff IEAM] issuable upon exercise of warrants." Exh. A, Item 4(A). Trinity Financing stated that this interest constituted 2.3% of IEAM's common stock. Exh. A, Item 4(B).

      c.    Defendants Bui and Trinity Financing stated that they were the joint beneficial owners of "650,000 shares of common stock [of plaintiff IEAM] issuable upon conversion of convertible promissory notes and 75,000 shares [of plaintiff IEAM] issuable upon exercise of warrants." Exh. A, Item 4(A). Bui and Trinity Financing stated that this interest constituted 9.9% of IEAM's common stock. Exh. A, Item 4(B).

      d.    Defendant Bui stated that she had the sole power to vote or to direct the vote of 725,000 shares of IEAM's common stock. Exh. A, Item 4(C).

      e.    Defendants Bui and Trinity Financing stated that the "date of event which requires filing of this [Schedule 13G] statement" was August 30, 2006. Exh. A, cover page.

      f.    Defendant Bui stated that she is the sole stockholder of Trinity Financing. Exh. A, ¶1, Item 2(A).

      g.    Defendant Bui stated that, as of the August 30, 2006 filing date of the Schedule 13G, she was a citizen of the United States. Exh. A, Item 2(C).

29.    Defendants' Schedule 13G did not disclose, *inter alia*: (a) that Bui and Trinity Financing had accelerated payment on the promissory notes from which their claimed conversion rights arose, that IEAM, as the issuer of the notes, had tendered to Bui and Trinity Financing payment in full on the notes, and that Bui and Trinity Financing had rejected the tender; (b) that, as a result of the acceleration and rejected tender, the beneficial ownership interests in IEAM

6

common stock which Bui and Trinity Financing claimed in the Bui Schedule 13G have been contested in their entirety by IEAM; or (c) that these contested alleged ownership interests of Bui and Trinity Financing were, and continue to be, the subject of active litigation between Bui, Trinity Financing, and IEAM, in the State Court Action.

30. Further, in the Schedule 13G, Defendants misrepresented that the "date of event which requires filing of this [Schedule 13G] statement" – that is, the acquisition of a beneficial interest in more than five percent of a class of the issuer's securities (see SEC Rule 13d-1, at 17 C.F.R. § 240.13d-1) – was August 30, 2006. Defendants did not disclose that the promissory notes from which they claimed to derive their beneficial ownership interests were in fact issued much earlier, between October of 2004 and August of 2005.

31. On information and belief, Defendants misrepresented that Bui was the sole stockholder of Trinity Financing.

32. On information and belief, Bui, as of the August 30, 2006 Schedule 13G filing date, was not the sole stockholder of Trinity Financing.

33. On information and belief, Bui is not the sole stockholder of Trinity Financing.

34. Finally, on information and belief, Defendant Bui misrepresented in the Schedule 13G that she was a citizen of the United States as of the August 30, 2006 date of her filing.

35. On information and belief, Bui became a United States citizen no earlier than September 22, 2006.

36. These misrepresentations and nondisclosures, particularly those detailed in Paragraphs 28 through 35, *supra*, were intended by Defendants to injure IEAM – with which Defendants were, and are, engaged in litigation in the State Court Action – by creating the false

impression that they acquired a very substantial beneficial ownership interest in IEAM, amounting to nearly ten percent of the company's common stock, on or about August 30, 2006.

37. Plaintiff has been injured by the materially inaccurate, false and misleading statements and nondisclosures in the Schedule 13G.

## Demand for Curative Filing

38. On or about September 8, 2006, Holland & Knight LLP, counsel for IEAM, wrote to counsel for Bui and Trinity Financing, objecting to the materially inaccurate, false and misleading statements and nondisclosures contained within the Schedule 13G, and demanding that Bui and Trinity Financing make a corrective filing with the SEC. A copy of Holland & Knight LLP's September 8, 2006 letter is annexed hereto as Exhibit B.

39. On or about September 13, 2006, Mintz & Fraade, P.C., counsel for Bui and Trinity Financing, wrote to counsel for IEAM, annexing a draft of an amended Schedule 13G that purported to remedy the deficiencies in the Schedule 13G. A copy of Mintz & Fraade, P.C.'s September 13, 2006 letter and proposed Amended Schedule 13G is annexed hereto as Exhibit C.

40. On or about September 29, 2006, Mintz & Fraade, P.C., counsel for Bui and Trinity Financing, again wrote to counsel for IEAM, informing Holland & Knight LLP that Bui and Trinity Financing "intends to file the amended Schedule 13G with the SEC on Wednesday, October 4, 2006 if we have not heard from you prior to such date with any objection to such filing." A copy of Mintz & Fraade, P.C.'s September 29, 2006 letter is annexed hereto as Exhibit D.

41. At no time did IEAM or its counsel raise any objection to the filing of a corrective Schedule 13G filing by Bui and Trinity Financing.

42. As is evident from Holland & Knight LLP's September 8, 2006 letter, IEAM had demanded that Bui and Trinity Financing file a corrective Schedule 13G.

43. As of the date of filing of this action, Bui and Trinity Financing have not filed an amended Schedule 13G nor any other corrective filing with the SEC.

## FIRST CAUSE OF ACTION

(Violations of Section 13(d) of the Exchange Act
and Rule 13d-1 Thereunder By Defendant Bui)

44. IEAM repeats and realleges the allegations contained in paragraphs 1 through 43 above as if fully set forth herein.

45. Defendant Bui made false and misleading statements in the Schedule 13G to the effect that, on or about August 30, 2006, she individually or jointly acquired a beneficial ownership interest in 650,000 shares of common stock of plaintiff IEAM, comprising 9.9 percent of IEAM's common stock.

46. Defendant Bui misrepresented in the Schedule 13G that she was a citizen of the United States as of the August 30, 2006 date of her filing.

47. Defendant Bui misrepresented in the Schedule 13G that she was the sole stockholder of Trinity Financing.

48. Defendant Bui failed to disclose in the Schedule 13G that the promissory notes on which she premised her claimed ownership interest were issued not on or about August 30, 2006, as her filing suggests, but instead over several distinct occasions in the period between October of 2004 and August of 2005.

49. Defendant Bui failed to disclose in the Schedule 13G: (a) that she had accelerated payment on the promissory notes from which her claimed conversion rights arose, that IEAM, as the issuer of the notes, had tendered to her payment in full on the notes, and that she had rejected

9

the tender; (b) that, as a result of the acceleration and rejected tender, the beneficial ownership interests in IEAM common stock which she claimed in the Schedule 13G have been contested in their entirety by IEAM; or (c) that the contested ownership interests she claims were, and continue to be, the subject of active litigation between Bui and IEAM.

50. The facts omitted from the Schedule 13G were and are material, and disclosure thereof was necessary to make the statements that were made not misleading.

51. These material misrepresentations and nondisclosures were made knowingly and willfully, and were intended by Bui to injure IEAM.

52. Despite timely demand by IEAM, defendant Bui has knowingly failed to amend the Schedule 13G to remedy the materially inaccurate, false, and misleading statements and omissions described above.

53. The Schedule 13G therefore contains untrue statements of material fact, omits material facts necessary to make the statements that were made not misleading, and omits material facts required to be stated by Section 13(d) of the Exchange Act and Rule 13d-1 thereunder.

54. By reason of the foregoing acts and omissions, Defendant Bui has violated Section 13(d) of the Exchange Act (15 U.S.C. § 78m(d)) and Rule 13d-1 thereunder (17 C.F.R. § 240.13d-1), and has injured and continues to injure IEAM.

55. By reason of the foregoing, Defendant Bui is required to file an Amended Schedule 13G to correct the foregoing misstatements, misrepresentations and nondisclosures made in the Schedule 13G, which Amended Schedule 13G also must identify the controlling stockholders of Trinity Financing.

## SECOND CAUSE OF ACTION

(Violations of Section 13(d) of the Exchange Act
and Rule 13d-1 Thereunder By Defendant Trinity Financing)

56. IEAM repeats and realleges the allegations contained in paragraphs 1 through 43 above as if fully set forth herein.

57. Defendant Bui was fully authorized to make, sign, and file the Schedule 13G on behalf of defendant Trinity Financing.

58. Defendant Trinity Financing made false and misleading statements in the Schedule 13G to the effect that, on or about August 30, 2006, it individually or jointly acquired a beneficial ownership interest in 650,000 shares of common stock of plaintiff IEAM, comprising 9.9 percent of IEAM's common stock.

59. Defendant Trinity Financing failed to disclose in the Schedule 13G that the promissory notes on which it premised its claimed ownership interest were issued not on or about August 30, 2006, as its filing suggests, but instead over several distinct occasions in the period between October of 2004 and August of 2005.

60. Defendant Trinity Financing failed to disclose in the Schedule 13G: (a) that Trinity Financing had accelerated payment on the promissory notes from which its claimed conversion rights arose, that IEAM, as the issuer of the notes, had tendered to it payment in full on the notes, and that Trinity Financing had rejected the tender; (b) that, as a result of the acceleration and rejected tender, the beneficial ownership interests in IEAM common stock which Trinity Financing claimed in the Schedule 13G have been contested in their entirety by IEAM; or (c) that the contested ownership interests Trinity Financing claims were, and continue to be, the subject of active litigation between Trinity Financing and IEAM.

61. Defendant Trinity Financing failed to disclose in the Schedule 13G that Bui is not the sole stockholder of Trinity Financing.

62. The facts omitted from the Schedule 13G were and are material, and disclosure thereof was necessary to make the statements that were made not misleading.

63. These material misrepresentations and nondisclosures were made knowingly and willfully, and were intended by Trinity Financing to injure IEAM.

64. Despite timely demand by IEAM, defendant Trinity Financing has knowingly failed to amend the Schedule 13G to remedy the materially inaccurate, false, and misleading statements and omissions described above.

65. The Schedule 13G therefore contains untrue statements of material fact, omits material facts necessary to make the statements that were made not misleading, and omits material facts required to be stated by Section 13(d) of the Exchange Act and Rule 13d-1 thereunder.

66. By reason of the foregoing acts and omissions, Defendant Trinity Financing has violated Section 13(d) of the Exchange Act (15 U.S.C. § 78m(d)) and Rule 13d-1 thereunder (17 C.F.R. § 240.13d-1), and has injured and continues to injure IEAM.

67. By reason of the foregoing, Defendant Trinity Financing is required to file an Amended Schedule 13G to correct the foregoing misstatements, misrepresentations and nondisclosures made in the Schedule 13G, which Amended Schedule 13G must also identify the controlling stockholders of Trinity Financing.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment:

(a) Ordering Defendants to immediately file with the SEC an Amended Schedule 13G remedying the foregoing material misstatements,

misrepresentations and nondisclosures made in the Schedule 13G which Defendants filed with the SEC on or about August 30, 2006, which Amended Schedule 13G must also identify the controlling stockholders of Trinity Financing Investments Corporation;

(b)  Awarding Plaintiff such damages as are permitted by applicable law;

(c)  Awarding Plaintiff the costs of this action, including its attorney's fees; and

(d)  Granting such other and further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
       May 11, 2007

HOLLAND & KNIGHT LLP

By: _____
    Mitchell J. Geller (MG 4160)
    Judith R. Nemsick (JN 2810)
195 Broadway
New York, New York  10007
(212) 513-3200

*Attorneys for Plaintiff Industrial Enterprises of America, Inc.*

# 4538997_v1